IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:21-cr-484-K (1) |
| ROY BROWN, JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION

### Background

Defendant Roy Brown, Jr. is charged by a Superseding Information with, and has now been convicted on a guilty plea of, Distribution of a Controlled Substance; Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See* Dkt. Nos. 52 & 72.

Defendant was ordered detained pending trial after he waived his detention hearing but reserved the right to ask for a detention hearing later if he was released from state custody. *See* Dkt. Nos. 14 & 15.

Defendant has now filed a Motion to Re-Open Detention Hearing, explaining that he

> moves the Court to reopen the detention hearing and order entered by the Magistrate Judge on September 20, 2021 pursuant to 18 U.S.C §3142(f) and in support of this Motion would show the following:

> I.

> Pursuant to 18 U.S.C § 3142(f), the detention hearing may be reopened at any time before trial if the judicial officer finds that

information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

At the time of the detention hearing on September 20, 2021, the Defendant was on parole for a state offense out of Tarrant County. It was confirmed with his parole officer, Margaret Fagbemi, that he was discharged from parole on December 29, 2021. The Defendant no longer has any holds or pending cases outside of the instant offense in the Northern District.

## II.

A detention hearing was held in this matter on September 20, 2021. At the hearing, the Defendant waived his detention hearing, but reserved the right to ask for a detention hearing later if he was released from state custody, namely parole. (Exhibit A). Case 3:21-cr-00484-K Document 60 Filed 05/12/22 Page 1 of 3 PageID 117

## III.

Conditions such as electronic monitoring, home confinement or curfew, regular check-ins with pretrial services, remain in the custody of a designated person who agrees to assure supervision and report any violation and/or regular appearances in Court will assure the appearance of the Defendant as required.

## IV.

There are conditions that can be ordered which are available and will reasonably assure the appearance of the person as required and the safety of any other person and the community. Therefore, the Court should reconsider the pretrial release of the Defendant.

## V.

The Defendant has signed plea papers and is currently set to be rearraigned on May 17, 2022 in front of Judge Horan. Assistant United States Attorney, Nicole Hammond, is not opposed to the filing of this motion. However; she maintains her position on the issue of detention, as noted in the Government's Motion for Detention (Dkt 8).

WHEREFORE, PREMISES CONSIDERED, the undersigned counsel prays that this Court grant this Motion to Reopen the Detention Hearing.

Dkt. No. 60 at 1-2.

The government does not oppose reopening and holding a hearing but explains

that it

respectfully opposes Defendant's request for release and recommends continued detention, consistent with its position in the Motion for Pretrial Detention. (Doc. 8.)

It appears that detention is now required in this case, pursuant to 18 U.S.C. § 3143(a)(2). Defendant pleaded guilty at arraignment to a controlled substance offense with a maximum term of imprisonment of twenty years, and a sentencing scheduling order was issued the same day. (Doc. 52, 64, 67.) This case presents no exceptional reasons that would render detention inappropriate, as contemplated by 18 U.S.C. § 3145(c). Additionally, the government is not recommending that no sentence of imprisonment be imposed, as 18 U.S.C. § 3143(a)(2)(A)(ii) requires for release pending sentencing. Moreover, the facts and circumstances of Defendant's offense and arrest, as admitted and agreed to in Defendant's factual resume (Doc. 49), along with Defendant's criminal history (Exh. A-E), show a pattern of behavior that poses a danger to other persons and the community, such that the requirement set out in 18 U.S.C. § 3143(a)(2)(B) cannot be met. Accordingly, the government respectfully opposes Defendant's request for release.

Dkt. No. 68 at 1-2.

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated June 1, 2022, United States District Judge Ed Kinkeade has accepted Defendant's guilty plea and adjudged him guilty of

the Section 841(a)(1) violation. *See* Dkt. No. 72. Defendant is set for sentencing before United States District Judge Ed Kinkeade on September 14, 2022. *See* Dkt. No. 67.

And Judge Kinkeade has referred Defendant's Motion to Re-Open Detention Hearing [Dkt. No. 60] to the undersigned United States magistrate judge for hearing and determination. *See* Dkt. No. 71.

The Court held a re-opened detention hearing on June 2, 2022.

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001). "The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841. *See* Dkt. Nos. 52 & 72. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must, under 18 U.S.C. § 3143(a)(2), continue to be detained unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule

of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a

danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

Defendant bears a heavy burden to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community when he has not been on release in this case and was on state parole at the time of the now-admitted offense of conviction in this case. That, coupled with his criminal history, leads the Court to determine that Defendant has not made the showing by clear and convincing evidence that he is not likely to continue to engage in illegal or dangerous conduct if released pending sentencing.

But, even if the Court could make that finding in Defendant's favor, the Court finds that Defendant has not "clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations

that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional

circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges the Court to consider, including his desire to complete commercial driver training and work at the job with his uncle's company that is lined up for his and his assistance in caring for his child and his girlfriend's children, are commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for releasing him pending sentencing do not individually give rise to a situation that is out of the ordinary. And the Court determines that all of the circumstances that Defendant asserts are not, taken together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary that amount to a situation in which Defendant's detention pending his sentencing hearing would not be appropriate.

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Roy Brown, Jr. should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant will remain

-9-

detained pending sentencing. The Court therefore GRANTS the Motion to Re-Open Detention Hearing [Dkt. No. 60] but orders that Defendant Roy Brown, Jr. must remain detained pending sentencing. It is therefore ORDERED that Defendant Roy Brown, Jr. be committed to the custody of the Attorney General and United States Marshal for further proceedings. It is ORDERED that Defendant Roy Brown, Jr., while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: June 2, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE